NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACK E. POLO, | : | |
| | : | Civil Action No. 16-5137 (KM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

Jack E. Polo, Petitioner *Pro Se*
64176-050
USP Lewisburg
U.S. Penitentiary
RDAP
P.O. Box 2000
Lewisburg, PA 17837

Mary E. Toscano, Esq.
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

On behalf of Respondent.

**MCNULTY, United States District Judge**

### I.    INTRODUCTION

Petitioner Jack E. Polo ("Petitioner"), a prisoner currently confined at USP Lewisburg in

Lewisburg, Pennsylvania, moves to vacate, correct, or set aside his federal sentence pursuant to

28 U.S.C. § 2255. Respondent, the United States of America, opposes the motion. (DE No. 13.) For the reasons explained in this Opinion, the Court will deny the Petition and will deny a certificate of appealability.

## II.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Petitioner was originally charged in this District in a one-count indictment with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (*United States v. Polo*, 3-2:12-cr-690 (12-cr-690 DE No. 13.)[1]) He was later charged in a superseding indictment with one count of a conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 21 U.S.C. § 846. (12-cr-690 DE No. 18.)

Pursuant to a written plea agreement, Petitioner entered a plea of guilty to count one of the superseding indictment. The plea agreement included, *inter alia*, a waiver of the right to appeal or file a collateral challenge: "As set forth in Schedule A, this Office and Jack E. Polo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (12-cr-690 DE No. 34 at 3.)

Shortly thereafter, Petitioner filed a motion to withdraw his guilty plea. The motion alleges ineffective assistance of counsel, who, he claimed, failed to review certain discovery that could have allowed him to assert an entrapment defense at trial. (*Id.* at 35, 37.) After hearing oral argument, the court denied Petitioner's motion to withdraw his guilty plea. (*Id.* at 44-45.)

Petitioner was sentenced to 54 months' incarceration followed by a three-year term of supervised release. (12-cr-690 DE No. 62 at 2-3.)

---

[1]    Docket entries in the underlying criminal case will be cited as "12-cr-690 DE" to distinguish them from docket citations to this § 2255 matter.

2

Petitioner did not file a direct appeal from his judgment of conviction. (DE No. 4-1 at

15.) Petitioner filed an earlier motion to vacate, set aside, or correct his conviction or sentence

under 28 U.S.C. § 2255. (DE No. 1.) That filing was administratively terminated and Petitioner

filed a subsequent motion, the one now before the Court, on September 28, 2016. (DE No. 4.)

Respondents filed an Answer on February 3, 2017. (DE No. 13.) Petitioner filed a reply on

February 24, 2017. (DE No. 15.) The matter is fully briefed and ready for disposition.

## III. STANDARD OF REVIEW

Section 2255 provides in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States ... may move the court which imposed the sentence
> to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion

and the files and records of the case conclusively show" that the movant is not entitled to relief.

28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

Here, the record demonstrates that Petitioner is not entitled to relief on his claims.

## IV. DISCUSSION

The sole ground raised for relief is that Petitioner is entitled to a downward adjustment of

his offense level and reduction of his sentence pursuant to Amendment 794 of the Sentencing

Guidelines, which relaxed the requirements for a mitigating-role adjustment under the Guidelines.

Amendment 794 took effect on November 1, 2015, almost a year after Mr. Polo was sentenced.

(DE No. 4 at 16.) Petitioner submits that Amendment 794 should be applied retroactively,

chiefly relying on the authority of *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). (DE No. 1 at 1-2.)

The government responds as follows: First, Petitioner's request for relief was brought in a collateral proceeding rather than on direct appeal, as required for Amendment 794 to be applied retroactively. (DE No. 13 at 6.) Second, Petitioner waived his right to challenge his sentence in his agreement to plead guilty. Third, the facts of the case, including Mr. Polo's admissions in connection with his guilty plea, belie any argument that he had a minor role in the offense. Finally, Petitioner cannot demonstrate any prejudice, as he received a sentence that was below the guidelines range.

### Retroactivity[2]

Section 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The relevant policy statement permits a reduction of sentence under § 3582(c)(2) only when the amendment that reduces the applicable guidelines range is among those listed in U.S.S.G. § 1B1.10(d)." *United States v. Brown*, 694 F. App'x 62, 63 (3d Cir. 2017) (citing *United States v. Wise*, 515 F.3d 207, 221 & n.11 (3d Cir. 2008)).

Amendment 794 is not in the U.S.S.G. § 1B1.10 list of amendments with retroactive effect. It therefore does not entitle a defendant to a retroactive sentence reduction. *See United States v. Spruill*, No. 18-1833, 2019 WL 2184800, at *2 (3d Cir. May 21, 2019) ("Relief

---

[2]     It is true that the plea agreement waives collateral challenges, such as those brought under § 2255. I will make the defendant-favorable assumption, however, that a motion for application of a retroactive Guidelines amendment under 18 U.S.C. § 3582(c)(2) might remain available. *See United States v. Fausnaught*, 3:03-CR-32, 2018 WL 1917131 at *4 (M.D. Pa. Apr. 20, 2018) (recharacterizing § 2255 motion as one under § 3582, while ultimately denying it).

4

pursuant to Amendment 794 is not available to Spruill either as that amendment, which took effect after his sentencing, has not been made retroactive."); *Brown, supra* ("Brown is not eligible for a sentence reduction, as the Sentencing Commission has not listed Amendments 791, 792, or 794 in U.S.S.G. § 1B1.10(d) as amendments that apply retroactively. Accordingly, the District Court did not err in denying Brown's motion.").[3]

As the petitioner points out, there is case law holding that Amendment 794, a "clarifying" amendment, may be applied where a conviction is pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). That out-of-Circuit case law, permitting a form of "pipeline" retroactivity, would be of no help to him. Mr. Polo did not file a direct appeal. When Amendment 794 became effective, his judgment of conviction was final, and the time to appeal had expired long ago.

As these cited authorities attest, Amendment 794 is not "retroactive" in any sense that would aid the petitioner here. It cannot be asserted to adjust a sentence in collateral proceedings where judgment is final.

### Mitigating Role

The government has argued in the alternative that a mitigating role adjustment would not be appropriate even if Amendment 794 applied. It is not necessary to reach that issue. For the

---

[3] *Accord United States v. Jimenez*, No. CR 97-156 (JLL), 2017 WL 2656010, at *2 (D.N.J. June 19, 2017) (Linares, C.J.); *United States v. Fausnaught*, 3:03-CR-32, 2018 WL 1917131 at *4 (M.D. Pa. Apr. 20, 2018), *(citing Mendoza v. United States*, 2017 WL 1293575, at *4 (W.D. Pa. Apr. 6, 2017) ("§ 1B1.10(d) lists all the amendments that are eligible for retroactive effect, and Amendment 794 is not listed. Therefore, the court would not be authorized to [retroactively] reduce petitioner's sentence based on Amendment 794.") (internal citation omitted); *United States v. Cobb*, 248 F. Supp. 3d 637, 639-40 (E.D. Pa. 2017) ("Amendment 794 is not listed in subsection (d) [of U.S.S.G. § 1B1.10]. Accordingly, except in limited circumstances not present here, Amendment 794 does not apply retroactively to form the basis for a reduction of sentence under § 3582(c)(2).")..

avoidance of doubt, however, I will convey the court's sense that a mitigating role adjustment would not be appropriate here.

Amendment 794 amended the commentary to § 3B1.2 of the Sentencing Guidelines as of November 1, 2015. The United States Sentencing Commission had conducted an independent review and found that minor-role reductions were being "applied inconsistently and more sparingly than the Commission intended." U.S.S.G. App. C. Amend. 794. Moreover, "[i]n drug cases, the Commission study confirmed that mitigating role is applied inconsistently to drug defendants who performed similar low-level functions. *Id.* Amendment 794, which allows for a two, three, or four-level adjustment, provides that the adjustment applies only to a "defendant" who is "substantially less culpable than the average participant in the criminal activity." The amendment also provides a non-exhaustive list of factors when considering granting or denying such reductions:

> the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt., n. 1(c).

Petitioner now characterizes his role as that of an "errand boy" who was paid a "meager fee" to pick up a list, prescriptions and money. (DE No. 4-1 at 22-23.) He categorically denies having had any decision-making authority or influence over others in the conspiracy. (*Id.* at 23.)

The record is to the contrary. At Mr. Polo's guilty plea hearing, the following colloquy occurred:

> MS. GOVAN: And did you sell the pills to other people who would then distribute the pills?
> DEFENDANT: Yes.
> MS. GOVAN: And did you direct Roland Sartori to print these prescriptions?
> THE DEFENDANT: Yes.
> MS. GOVAN: And eventually your co-conspirators hired other people to answer the telephone numbers on the prescriptions to verify the prescriptions in case a pharmacist were to call; correct?
> THE DEFENDANT: Yes.
> MS. GOVAN: And did you do this with Roland Sartori, and others until you were arrested?
> THE DEFENDANT: Yes.

(DE No. 13-7 at 73-74.)

The Presentence Investigation Report provides that Petitioner represented to a cooperating witness that he had obtained a computer program and special printer to create fraudulent prescriptions for oxycodone. (PSR ¶ 7.) Petitioner also represented that he had hundreds of doctors and telephone numbers to print on the prescriptions. (*Id.*) At the time of Petitioner's arrest, a key to a specialized prescription printer was in his possession. (PSR ¶ 20.) At sentencing, the Court adopted the PSR as its findings of fact. (Transcript of Sentencing ("Tr."), Jan. 29, 2015 (DE 78), pp. 5–6).

Petitioner's statements and conduct throughout the commission of the offense do not demonstrate that he was a minor or minimal participant for purposes of the adjustment.

## V. CONCLUSION

For the reasons discussed above, Petitioner's motion is denied.

## VI. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Petitioner has not made a substantial showing of denial of a constitutional right. This Court will not issue a certificate of appealability.

An appropriate order follows.

Dated July 29, 2019

KEVIN MCNULTY
United States District Judge